No. 02-626

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 193

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

DAVID THEODORE MORGAN, SR.,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 2000-99,
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        David Theordore Morgan, Sr., *pro se*, Great Falls, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

        George H. Corn, County Attorney, Hamilton, Montana

Submitted on Briefs:  April 25, 2003

Decided:  August 4, 2003

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 David Theodore Morgan, Sr. (Morgan), *pro se,* appeals from the District Court's order denying his request for postconviction relief. We affirm. The two issues on appeal are the following:

¶2 1. Did the District Court err in concluding that Morgan did not receive ineffective assistance of counsel?

¶3 2. Did the District Court abuse its discretion in denying Morgan's motion to withdraw his guilty plea?

Factual and Procedural Background

¶4 On June 24, 2000, while driving a stolen truck, Morgan engaged in a high-speed chase with Idaho police. During the chase, Morgan rammed a patrol vehicle, causing it to set on fire, and forced another patrol vehicle into a ditch. Morgan ultimately succeeded in eluding the Idaho police. Four days later, a detective with the Ravalli County Sheriff's Office noticed a pickup driving erratically through Hamilton. When officers attempted to approach the vehicle, Morgan began to speed north on Highway 93 during the beginning of the afternoon rush hour. During the chase, Morgan reached speeds in excess of 100 miles per hour and forced a number of vehicles off the road. Eventually, Morgan drove over a nail strip set by Montana Highway Patrol Officer Tom Hamilton (Officer Hamilton) and was forced to pull the vehicle off the highway. At that point, Morgan ran to a store and from behind a fence he shot at Officer Hamilton's vehicle. One bullet passed through the vehicle's door and hit Officer Hamilton in the right elbow before lodging itself in his bullet

2

proof vest. Morgan also shot at two other officers attempting to capture him before he was shot in the knee and apprehended.

¶5 Following his arrest, Morgan was charged with eight felonies, including three counts of attempted deliberate homicide and two counts of assault with a deadly weapon. Larry Mansch (Mansch) of the Ravalli County Public Defender's office was appointed to represent Morgan. In January 2001, Morgan entered into an open and non-binding plea agreement. In exchange for Morgan's plea of no contest to three counts of attempted deliberate homicide and one count of assault with a weapon, the State agreed to, and in fact did, amend the original information to charge four of the eight felony counts. The agreement contained the following bolded disclosure of the consequences of pleading guilty:

> The Defendant understands that this is an open plea to the charges contained in the Amended Information. This means the judge is free to impose any sentence allowed by law for such crimes. . . . THE DEFENDANT UNDER-STANDS THAT THE MAXIMUM PENALTY FOR THE CHARGES TO WHICH HE IS PLEADING GUILTY IS 320 YEARS OR LIFE IMPRISON-MENT . . . .

¶6 After ordering a presentence investigation, the District Court sentenced Morgan to three life sentences for the attempted deliberate homicide charges and 20 years for the assault charge. The Sentence Review Division, comprised of three Montana District Court judges, held a hearing in July 2001 to review Morgan's sentence and Mansch again represented Morgan. The Division unanimously affirmed Morgan's sentence. In February 2002, Morgan filed a petition for postconviction relief which the District Court denied.

Standard of Review

3

¶7    The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Watson v. State*, 2002 MT 329, ¶ 6, 313 Mont. 209, ¶ 6, 61 P.3d 759, ¶ 6; *State v. Charlo,* 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7. Claims of ineffective assistance of counsel are mixed questions of law and fact for which our review is *de novo*. *State v. Turner*, 2000 MT 270, ¶ 47, 302 Mont. 69, ¶ 47, 12 P.3d 934, ¶ 47; *Iaea v. Sunn* (9th Cir. 1986), 800 F.2d 861, 864. Discretionary rulings in postconviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, are reviewed for an abuse of discretion. *Watson*, ¶ 6; *State v. Hanson,* 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

Discussion

I

¶8    Did the District Court err in concluding that Morgan did not receive ineffective assistance of counsel?

¶9    A petitioner seeking to reverse a district court's denial of a petition for postconviction relief based on a claim of ineffective assistance of counsel bears a heavy burden. *See Brown v. State* (1996), 277 Mont. 430, 434, 922 P.2d 1146, 1148. When considering ineffective assistance of counsel claims in postconviction proceedings, this Court applies the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *see Hagen v. State,* 1999 MT 8, ¶ 10, 293 Mont. 60, ¶ 10, 973 P.2d 233, ¶ 10. The *Strickland* test requires the defendant to show

not only that his counsel's performance was deficient, but that the deficient performance was prejudicial to the defendant. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Pursuant to *Strickland,* a defendant alleging ineffective assistance of counsel must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

¶10 A court's scrutiny of counsel's actions must be highly deferential, and counsel's performance is strongly presumed to be within the wide range of reasonable professional assistance. *See State v. Campbell* (1996), 278 Mont. 236, 246, 924 P.2d 1304, 1311. When it is possible to dispose of an ineffective assistance of counsel claim based on the claim's failure to establish that the defendant was sufficiently prejudiced, it is best to follow that course. *Dawson v. State*, 2000 MT 219, ¶ 21, 301 Mont. 135, ¶ 21, 10 P.3d 49, ¶ 21.

¶11 With these legal precepts in mind, we turn to Morgan's claim of ineffective assistance of counsel. Morgan, who has the burden of proving that his counsel's performance was deficient and prejudicial, bases his claim on three assertions: (1) counsel incorrectly advised him that the State did not have to prove an essential element of the homicide charge; (2) counsel incorrectly informed Morgan that the judge was "looking favorable" on him and would give him a light sentence if he pled guilty; and (3) counsel inadequately represented Morgan at the sentence review hearing. We review each assertion in turn.

¶12    First, Morgan claims that his counsel misinformed him that the State would not have to prove the element of intent on the attempted deliberate homicide charge, and that but for this misinformation, he would have taken his chances at trial and would not have entered a guilty plea. To this end, Morgan makes the incredible claim that the State would not have been able to prove that Morgan intended to kill Officer Hamilton because "the shots were fired at the door and not his window at his head." Morgan's assertion that the State could not have proven intent is incredulous in light of the evidence presented by the State at Morgan's change of plea hearing. This evidence includes a videotape shot from the camera attached to Officer Hamilton's patrol vehicle which depicts the high-speed chase and the officer's voice the moment he was shot. As the District Court noted in its order denying Morgan postconviction relief, even if Morgan's counsel had incorrectly advised Morgan of the elements to attempted deliberate homicide, "such a misrepresentation would have been superfluous, in light of the overwhelming evidence of Morgan's actions and intentions in fleeing law officers and then firing at them." Therefore, we agree with the District Court that Morgan's claim fails the second prong of the *Strickland* test because no reasonable probability exists that Morgan would not have been found guilty of attempted deliberate homicide.

¶13    Secondly, Morgan claims that counsel informed him that the judge was "looking favorable" on him and would not give Morgan a harsh sentence if he pled guilty. Morgan contends that he based his decision to plead guilty on counsel's assurance that the judge would go easy on him; however, this allegation runs contrary to the clear language of the

6

plea agreement signed by Morgan on January 3, 2001. Specifically, the agreement states that the plea is an open plea and that the "judge is free to impose any sentence allowed by law for such crimes. . . . THE DEFENDANT UNDERSTANDS THAT THE MAXIMUM PENALTY FOR THE CHARGES TO WHICH HE IS PLEADING GUILTY IS 320 YEARS OR LIFE IMPRISONMENT . . . ." The plea clearly stated that the judge was free to impose whatever sentence he believed appropriate. Even if Morgan's counsel had informed him that the judge was looking favorably on him and would not impose a lengthy sentence, the plea agreement was explicit that the court made no promises about the length of sentence that Morgan would receive. Therefore, we conclude that this second allegation fails the second prong of *Strickland*. Any prejudice from counsel's alleged comment regarding the court's possible leniency was negated by the clear language of Morgan's plea agreement.

¶14     Lastly, Morgan contends that his counsel inadequately represented him at the sentence review hearing; however, Morgan does not cite any specific instances of ineffectiveness at the hearing. Neither does Morgan provide the Court with a transcript of this hearing for our review. Rather, Morgan would have this Court infer counsel's ineffectiveness based on the fact that the two had had a heated argument the day before the sentence review hearing. Since Morgan has not identified what in particular was ineffective about his counsel's performance at the hearing, we cannot determine whether or not he was prejudiced. We note that Morgan's sentence fell squarely within the range of an acceptable sentence for the crimes committed. In conclusion, none of Morgan's claims that he received ineffective assistance of counsel demonstrate that a "reasonable probability" exists that, but for

counsel's poor performance, Morgan would not have been found guilty and sentenced as he was. Therefore, we affirm the District Court's denial of postconviction relief.

II

¶15     Did the District Court abuse its discretion in denying Morgan's motion to withdraw his guilty plea?

¶16     Section 46-16-105(1), MCA, provides that "[a]t any time before or after judgment, the court may, for good cause shown, permit the plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted." This Court has established three factors to be considered when determining whether "good cause" under § 46-16-105, MCA, exists to permit the withdrawal of a guilty plea: (1) the adequacy of the district court's interrogation as to the defendant's understanding of his plea; (2)  the promptness of the motion to withdraw the prior plea; and (3) the fact that the defendant's plea was apparently the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. *Mallak v. State,* 2002 MT 35, ¶ 17, 308 Mont. 314, ¶ 17, 42 P.3d 794, ¶ 17; *State v. Knox,* 2001 MT 232, ¶ 11, 307 Mont. 1, ¶ 11, 36 P.3d 383, ¶ 11.

¶17     We apply these three factors to determine whether there was good cause to permit Morgan to withdraw his guilty plea. Usually, this Court would first look to the District Court's interrogation of Morgan at the time of his plea; however, Morgan does not contend that he did not understand the plea agreement and consequently, has not provided the Court with a transcript of that hearing for our review. The second factor the Court considers is whether the defendant's application for withdrawal of his plea occurred within a reasonable

8

period of time. Section 46-16-105(2), MCA, permits the withdrawal of a guilty plea "any time before or after judgment;" however, as a general rule, the Court considers a motion to withdraw a guilty plea untimely if it is filed over a year after entry of the plea. *State v. Osterloth,* 2000 MT 129, ¶ 24, 299 Mont. 517, ¶ 24, 1 P.3d 946, ¶ 24. This one-year limit is not a hard and fast rule, but rather a general guideline, and one for which exceptions will be made in exceptional circumstances. *State v. Graham*, 2002 MT 237, ¶ 18, 311 Mont. 500, ¶ 18, 57 P.3d 54, ¶ 18. Here, Morgan did not move to withdraw his guilty plea until some thirteen months after it was entered. Although Morgan is only one month outside of the one-year limit, no exceptional circumstances exist that warrant an exception to the rule. Therefore, we conclude that his application for withdrawal of his plea did not occur within a reasonable period of time.

¶18    The last factor that we consider is whether Morgan received a benefit in exchange for his plea agreement. Morgan was initially charged with eight felonies. In exchange for his pleading to the three counts of attempted deliberate homicide and one count of assault, the State dismissed four other felony charges. Undeniably, Morgan received a substantial benefit by having four felony charges against him dropped. After weighing the three factors, we  conclude that Morgan's plea of guilty was knowing and voluntary; therefore, Morgan did not establish good cause for withdrawing his plea. Affirmed.

/S/ W. WILLIAM LEAPHART

9

We concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ JIM RICE