DA 06-0537

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 209N

STATE OF MONTANA,

       Plaintiff and Respondent

   v.

BRIAN ANTHONY JOHNSTON,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                  In and For the County of Lake, Cause No. DC-05-39
                  Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker,
              Assistant Appellate Defender, Helena, Montana

       For Respondent:

              Honorable Mike McGrath, Attorney General; Jonathan Mark
              Krauss, Assistant Attorney General, Helena, Montana

              Robert Long, County Attorney; Mitchell A. Young, Deputy
              County Attorney, Polson, Montana

                     Submitted on Briefs:  May 17, 2007

                             Decided:  August 21, 2007

Filed:

                   _____
                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Brian Anthony Johnston (Johnston) appeals from the judgment and commitment of the Twentieth Judicial District Court, Lake County, convicting him by a plea of guilty to the offenses of criminal possession of dangerous drugs, a felony, and criminal possession of dangerous drugs, a misdemeanor. We affirm.

¶3 Johnston was charged in March 2005 for felony possession of dangerous drugs—methamphetamine—and misdemeanor possession of dangerous drugs—marijuana. The charges were based upon the observations and evidence obtained during the April 7, 2004, probation search of a trailer in which Johnston allegedly resided. Johnston entered an Alford plea to these charges. Prior to his plea, Johnston filed motions to suppress evidence obtained in the probation search of his residence and to dismiss the charges based on ineffective assistance of his prior court-appointed counsel and violation of his speedy trial rights. The District Court denied the motions. As part of his plea agreement, Johnston failed to reserve the right to appeal the adverse determination of any pretrial motions. Johnston was sentenced in accordance with the plea agreement.

2

¶4 Johnston appeals from the denial of his motions to suppress and dismiss. Johnston argues that he should be entitled to assert his unreserved issues on direct appeal because the failure to reserve those rights at the time he entered his plea was "per se" ineffective assistance of counsel, and then challenges the denial of the suppression and speedy trial motions on their merits.

¶5 This Court reviews claims of ineffective assistance of counsel *de novo*. *State v. Morgan*, 2003 MT 193, ¶ 7, 316 Mont. 509, ¶ 7, 74 P.3d 1047, ¶ 7. This Court reviews a district court's denial of a motion to suppress to determine whether its findings of fact are clearly erroneous and whether its interpretation and application of the law is correct. *State v. DeWitt*, 2004 MT 317, ¶ 21, 324 Mont. 39, ¶ 21, 101 P.3d 277, ¶ 21. We review a denial of a motion to dismiss to determine if the district court's interpretation of the law was correct. *Boreen v. Christensen*, 267 Mont. 405, 408, 884 P.2d 761, 762 (1994).

¶6 Johnston argues: (1) the cumulative inaction and advice of Johnston's counsel constituted record-based and non-record-based implausible ineffective assistance of counsel; (2) officers exceeded their lawful authority when they conducted the warrantless, non-consensual search of a third-party mobile home pursuant to a probation condition providing for searches of Johnston's residence; and (3) the District Court denied Johnston's Sixth Amendment right to a speedy trial.

¶7 The State offers the following alternative arguments: (1) this appeal should be dismissed because Johnston waived his right to appeal the denial of his suppression and speedy trial motions; (2) Johnston's claim of ineffective assistance of counsel is not

3

properly before this Court on direct appeal and may be raised in postconviction proceedings; and (3), on the merits, the District Court properly denied Johnston's motions to suppress evidence obtained in the probation search of the third-party residence and to dismiss for violation of his right to speedy trial.

¶8 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9 Johnston's failure to preserve for appeal the denial of his suppression and speedy trial motions when entering a guilty plea constitutes a waiver of those issues, and we thus affirm. Further, we dismiss Johnston's claims of ineffective assistance of counsel without prejudice to raising those claims in postconviction relief proceedings.

¶10 Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JAMES C. NELSON