# FILED

March 4 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0265

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 76N

ALAN MICHAEL PLACZKIEWICZ,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 06-446A,
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Andrew J. Breuner, Law Office of Andrew J. Breuner,
Gallatin Gateway, Montana

For Appellee:

Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

Marty Lambert, County Attorney; Erik N. Kitzmiller, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs: February 13, 2008

Decided: March 4, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Alan Michael Placzkiewicz (Placzkiewicz) appeals from the order of the Eighteenth Judicial District Court, Gallatin County, dismissing his petition for postconviction relief. We affirm.

¶3 On July 19, 2004, Placzkiewicz was charged with three drug-related felonies in Cause DC 04-219. These charges arose from Placzkiewicz's sale of crystal methamphetamine to a confidential informant. Prior to resolution of DC 04-219, on December 16, 2004, Placzkiewicz telephoned a Belgrade dispatcher asking for help. Officers arrived at Placzkiewicz's residence where Placzkiewicz was found nearly unconscious and suffering from a stab wound. During a protective sweep the police observed white powder on a marble cutting board in the bedroom and a glass pipe commonly used for smoking methamphetamine. The Belgrade officers, in conjunction with the Missouri River Drug Task Force (MRDTF), secured a search warrant and returned to Placzkiewicz's residence where they found two bindles of cocaine totaling seventeen grams, five bindles of methamphetamine totaling seventy-two grams, twenty-eight Oxycodone pills, a glass pipe, snort tube, syringes, weighing scales, several small

plastic bindles and other drug paraphernalia. The officers placed all evidence in the evidence room at the Belgrade police station. Placzkiewicz was subsequently charged with three counts of criminal possession of dangerous drugs with intent to distribute in cause DC 04-411.

¶4 On January 14, 2005, Placzkiewicz pled guilty to all three charges in both cases. Pursuant to the agreement, the State would recommend a fifteen-year sentence to the Department of Corrections with ten years suspended. On February 3, 2005, Placzkiewicz tested positive for dangerous drugs and the State subsequently filed an application to revoke his release and withdrew the plea agreement. On March 31, 2005, Placzkiewicz appeared with his defense counsel, William Bartlett (Bartlett), and withdrew his guilty pleas. Thereafter, Placzkiewicz again entered a plea agreement with the State whereby he would plead guilty to four charges and both parties were free to make appropriate sentencing recommendations.

¶5 Prior to entering his second guilty plea, Placzkiewicz discovered that the case against Grayson Keeney, the man charged with stabbing him, was dismissed after the County Attorney discovered numerous problems with the handling of evidence and possible destruction of exculpatory evidence by the Belgrade Police Department. Placzkiewicz and Bartlett discussed the possibility of his second case, DC 04-411, being dismissed due to similar evidentiary problems since his arrest in DC 04-411 arose in conjunction with the events surrounding the *State v. Keeney* case. Bartlett met with the prosecutor and discussed the possibility of dismissal. Bartlett was convinced that Placzkiewicz's case was unaffected by the *Keeney* dismissal.

3

¶6      At the change of plea hearing, Placzkiewicz indicated that he had discussed his case with Bartlett, did not have communication problems with Bartlett, and was satisfied with Bartlett's performance.  However, Placzkiewicz asked the court about the *Keeney* case and its possible connection to his case. The court asked if he understood why Bartlett had said the *Keeney* case did not pertain to his case and asked if Placzkiewicz needed more time to talk with Bartlett about the issue.  Placzkiewicz responded that he understood "to a certain degree" and did not need more time to discuss his case with Bartlett.  The court briefly explained that Placzkiewicz's case involved drug charges and was investigated by both the MRDTF and the Belgrade Police Department, as opposed to Keeney's case, which was investigated solely by the Belgrade Police Department. Placzkiewicz indicated that he understood the differences between the cases and stated that he was still comfortable proceeding with the change of plea. Thereafter Placzkiewicz pled guilty to two counts of criminal distribution of dangerous drugs in DC 04-219, felonies, in violation of § 45-9-101, MCA, and two counts of criminal possession of dangerous drugs with intent to distribute in DC 04-411, felonies, in violation of § 45-9-103, MCA.

¶7      On November 18, 2005, Placzkiewicz filed a pro se motion for counsel in both cases to provide assistance with postconviction relief.  Current counsel, Andrew Breuner, was appointed and Placzkiewicz filed a motion for postconviction relief on August 7, 2006.  Placzkiewicz argued that the court should set aside his convictions and permit him to withdraw his guilty pleas because: (1) his pleas were not knowing, voluntary, and intelligent and (2) his pleas were the product of misinformation and ineffective assistance

4

of counsel. Following a hearing, the court denied Placzkiewicz's request to set aside his convictions and dismissed the petition for postconviction relief. Placzkiewicz appeals.

¶8 We review the denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and its conclusions of law correct. *Garrett v. State*, 2005 MT 197, ¶ 10, 328 Mont. 165, ¶ 10, 119 P.3d 55, ¶ 10. A district court's denial of a motion to withdraw a guilty plea is a mixed question of law and fact which we review de novo. *State v. Warclub*, 2005 MT 149, ¶ 17, 327 Mont. 352, ¶ 17, 114 P.3d 254, ¶ 17. Ineffective assistance of counsel claims are also mixed questions of law and fact, which we review de novo. *State v. Meyers*, 2007 MT 230, ¶ 5, 339 Mont. 160, ¶ 5, 168 P.3d 645, ¶ 5. A petitioner seeking to reverse a lower court's denial of a postconviction petition based upon a claim of ineffective assistance of counsel bears a heavy burden. *State v. Morgan*, 2003 MT 193, ¶ 9, 316 Mont. 509, ¶ 9, 74 P.3d 1047, ¶ 9. Findings of fact are clearly erroneous if they are unsupported by substantial evidence, the court misapprehended the effect of the evidence, or review of the record convinces us that a mistake has been made. *Warclub*, ¶ 23. We review the district court's interpretation of the law, and application of the law to the facts, for correctness. *Warclub*, ¶ 23.

¶9 The voluntariness of a guilty plea is reviewed pursuant to the well-established *Brady* standard, which considers a guilty "plea voluntary only when the defendant is 'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel . . . .'" *State v. Lone Elk*, 2005 MT 56, ¶ 21, 326 Mont. 214, ¶ 21, 108 P.3d 500, ¶ 21 (quoting *Brady v. United States*,

5

397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)); *see also Warclub*, ¶ 18 (reaffirming "our intention to use the *Brady* standard for the voluntariness of guilty pleas, as articulated in *Brady*"). When determining if a defendant entered a plea voluntarily and whether a district court erred in denying a motion to withdraw a plea, we examine "case-specific considerations." These considerations include the adequacy of the district court's interrogation, the benefits obtained from a plea bargain, the withdrawal's timeliness, and other considerations that may affect the credibility of the claims presented. *State v. Muhammad*, 2005 MT 234, ¶¶ 14, 24, 328 Mont. 397, ¶¶ 14, 24, 121 P.3d 521, ¶¶ 14, 24.

¶10   Here, Placzkiewicz contends that the District Court's findings of fact in support of its determination that Placzkiewicz's pleas were voluntary are clearly erroneous. Specifically, Placzkiewicz contends that the court erred during the initial change of plea hearing when it briefly discussed the *Keeney* case with Placzkiewicz, thereby misleading Placzkiewicz and "inducing" him to enter a guilty plea. A review of the record convinces us otherwise. During this interlude, the court repeatedly asked Placzkiewicz if he understood the differences between his case and the *Keeney* case, whether he had discussed the issue with Bartlett, and whether he needed additional time before entering a guilty plea. Placzkiewicz repeatedly represented that he understood the issue, had discussed it with Bartlett, and wished to proceed with the change of plea. The exchange between Placzkiewicz and the court convinces us that Placzkiewicz was fully aware of the consequences of his plea and entered the plea knowingly, intelligently, and voluntarily. Placzkiewicz also contends that several other findings of fact are clearly

6

erroneous, but a review of the record clearly convinces us otherwise and we need not discuss each assertion.

¶11     Placzkiewicz's second argument is that he would not have pled guilty but for Bartlett's ineffective assistance of counsel. Placzkiewicz contends that Bartlett offered ineffective assistance by not adequately investigating the impact the *Keeney* dismissal had on his case. The State responds that Bartlett was aware of the problems with the Belgrade Police Department and investigated the possibility of deficient investigative techniques that could benefit Placzkiewicz and discussed his findings with Placzkiewicz.

¶12     Following the *Strickland* test for ineffective assistance of counsel in regard to a guilty plea, the defendant must show (1) that his counsel's advice fell outside the range of competence demanded of a criminal attorney and (2) but for counsel's deficient performance, he would not have entered a guilty plea. *Hans v. State*, 283 Mont. 379, 410-11, 942 P.2d 674, 693 (1997). With respect to the first prong, there is a "strong presumption" that counsel's actions represent trial strategy and are within the broad scope of reasonable professional conduct. *State v. Hendricks*, 2003 MT 223, ¶ 7, 317 Mont. 177, ¶ 7, 75 P.3d 1268, ¶ 7.

¶13     Here, Placzkiewicz does not meet his burden of establishing that Bartlett's actions fell outside the accepted range of professional conduct. During the postconviction relief hearing, Bartlett testified that he discussed the *Keeney* dismissal with the prosecution and with Placzkiewicz. Bartlett testified that the cases were consolidated and he and Placzkiewicz were concerned about going to trial because evidence in the first case, DC 04-219, was overwhelming. Moreover, Bartlett testified that the crime scene in case DC

04-411 had been photographed and documented such that an evidentiary challenge of the kind made in the *Keeney* case would not have been beneficial to Placzkiewicz. Bartlett also testified that by going to trial Placzkiewicz would "forfeit the argument that we're accepting responsibility"—a beneficial posture taken to request leniency during sentencing. Bartlett discussed this strategy with Placzkiewicz, and Placzkiewicz decided to continue with a plea of guilty. We are convinced that Bartlett's conduct was within the accepted range of attorney conduct and he did not render ineffective assistance of counsel. Consequently, the District Court did not err by dismissing Placzkiewicz's petition for postconviction relief.

¶14 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶15 We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS