DA 07-0395

**FILED**

June 18 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 220N

SPENCER JEAN McCLURE,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 06-1346
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Spencer McClure, Pro Se; Glendive, Montana

      For Appellee:

      Hon. Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

      Dennis Paxinos, Yellowstone County Attorney; Christopher Morris,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  May 21, 2008

Decided:  June 18, 2008

Filed:

_____
                   Clerk

Chief Justice Karla M. Gray delivered the Opinion of Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Spencer Jean McClure (McClure) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying his amended petition for postconviction relief which was based on a claim of ineffective assistance of counsel (IAC) during probation revocation proceedings.  We affirm.

¶3      In earlier proceedings, McClure—a level 3 sex offender—had admitted violating conditions of his suspended sentence by residing in the home of a woman with young children and being terminated from a sex offender treatment program; the sentencing court revoked the suspended sentence and sentenced him to 15 years at the Montana State Prison.

¶4      McClure subsequently petitioned for postconviction relief, raising an IAC claim. He premised his claim on counsel's failure to demand an evidentiary hearing on the alleged violations of his conditions of supervision.  He contends he wanted to call witnesses to "explain" his violations.

¶5      An IAC claim constitutes a mixed question of law and fact that we review de novo to determine if counsel's performance was deficient and, if so, whether it prejudiced the

2

claimant. *State v. Morgan,* 2003 MT 193, ¶ 9, 316 Mont. 509, ¶ 9, 74 P.3d 1047, ¶ 9 (citing *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984)). We review discretionary rulings—such as whether an evidentiary hearing was required in a revocation proceeding— for an abuse of discretion. *Morgan,* ¶ 7 (citations omitted).

¶6    A sentencing court may revoke a suspended sentence based on one or more violations of conditions. *State v. Baird,* 2006 MT 266, ¶ 17, 334 Mont. 185, ¶ 17, 145 P.3d 995, ¶ 17. Here, McClure admitted two violations. Nothing more was required and, therefore, McClure failed to satisfy either prong of the IAC test.

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and record that this appeal is without merit because the issues are clearly controlled by settled Montana law. The District Court did not err in denying McClure's postconviction petition.

¶8    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS

3