**FILED**

December 22 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0273

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 436N

THOMAS E. VAN HAELE,

      Petitioner and Appellant,

v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:     District Court of the Sixteenth Judicial District,
In and For the County of Treasure, Cause No. DV-2006-012
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Thomas E. Van Haele, (Self-Represented), Hysham, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Gary Ryder, Treasure County Attorney, Hysham, Montana

Submitted on Briefs: November 25, 2009

Decided: December 22, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Thomas Van Haele (Van Haele) appears self-represented and appeals from the denial of his petition for post-conviction relief in the Sixteenth Judicial District Court. We affirm.

¶3    On January 17, 1992, Van Haele was charged with three felony counts of incest and two felony counts of sexual intercourse without consent. Van Haele entered into a plea agreement with the State. On April 8, 1992, Van Haele pleaded guilty to one count of incest and one count of sexual intercourse without consent. Van Haele admitted to having committed sexual intercourse without consent against one granddaughter, and incest against another. The sexual intercourse without consent charge involved acts of oral sex. The incest charge involved an incident where Van Haele reached under the pants of one of the victims and fondled her genital area. Van Haele described the acts he committed in open court. Van Haele also executed a waiver of his rights. The District Court accepted the plea, the State dismissed the remaining three felony counts, and Van Haele was sentenced. Van Haele received 30 years in prison, with 15 suspended, for the

2

sexual intercourse without consent charge, and 20 years in prison, with 5 suspended, for the incest count. The sentences were ordered to run concurrently.

¶4     Van Haele appealed arguing that his pleas were not knowingly and voluntarily given. His conviction was affirmed. This Court found that Van Haele voluntarily and intelligently entered pleas of guilty to the charges against him. Van Haele subsequently filed a federal habeas corpus petition. Van Haele sought to expand the record in his case with interrogatories and alleged admissions which the victim and her mother had made in a civil lawsuit filed against Van Haele. Van Haele claimed these admissions were of an exculpatory nature. Van Haele also sought to expand the record with a report from Dr. Linda Johnson, the physician who examined the two victims. The federal district court ultimately denied Van Haele's petition.

¶5     Van Haele appealed to the Ninth Circuit. The Ninth Circuit rejected Van Haele's challenge to the voluntary and knowing character of his pleas. The Ninth Circuit also found that Dr. Johnson's report was not exculpatory. Dr. Johnson's report stated that there was no physical evidence of sexual abuse, but Dr. Johnson testified that, in her opinion, both of the victims had been abused. Furthermore, the acts to which Van Haele pleaded guilty did not involve penetration of the vagina or anus, and would not leave physical evidence.

¶6     Van Haele was scheduled to be released from prison on probation on March 22, 2000. The State revoked his probation for failure to complete required sexual offender treatment program. Van Haele's appeal of the revocation of his suspended sentence was affirmed in *State v. Van Haele*, 2005 MT 153, 327 Mont. 400, 114 P.3d 225.

3

¶7     On September 13, 2006, Van Haele filed a petition for post-conviction relief in the District Court. Van Haele sought to withdraw his guilty plea and requested an evidentiary hearing to establish his actual innocence. Van Haele also requested an order to declare that his suspended sentence was improperly revoked and sought his immediate release from custody. After the State filed its response, Van Haele filed several motions, including a motion to compel discovery, a motion for assignment of counsel and investigator, a motion for sanctions and a motion for judgment on the pleadings. The District Court ordered supplemental briefing on these motions.

¶8     On July 28, 2007, Van Haele was released from prison. On April 10, 2009, the District Court denied Van Haele's petition for post-conviction relief. With regard to the withdrawal of his guilty plea, the District Court determined that Van Haele had already been presented an opportunity to litigate this issue, and was repeating the same arguments which had already been rejected in state and federal court. The only new arguments presented by Van Haele pertained to his absence at the issuance of his revocation order and alleged retaliatory conduct by the issuance of such order. However, the District Court noted that these arguments were procedurally barred due to Van Haele's failure to raise them during the lengthy appellate history of his case.

¶9     The District Court concluded the same was true with respect to Van Haele's claims that he was able to present evidence of his "actual innocence." The District Court observed that this was simply another effort to withdraw his guilty plea based on pre-plea constitutional violations. Furthermore, the District Court concluded that Van Haele's

4

motion to be released from custody was moot due to the fact that he was released from custody approximately 10 months after filing his petition.

¶10　Van Haele appeals from the denial of his petition. Van Haele argues the District Court should have held an evidentiary hearing on his petition after he submitted exhibits in the form of discovery responses which he had obtained from the civil lawsuit against him noted above. Van Haele argues that these admissions showed that the victims have recognized that they were not victims of sexual abuse, and have now come forward to tell the truth. Van Haele contends this evidence demonstrates his actual innocence with regard to the charges to which he pleaded guilty in 1992. Van Haele urges this Court to remand this matter to the District Court for a full evidentiary hearing so that he will have an opportunity to prove his actual innocence.

¶11　The State urges us to affirm. The State argues the District Court did not abuse its discretion when it declined to hold an evidentiary hearing on Van Haele's petition. The State contends that when Van Haele pleaded guilty in 1992, he waived the actual innocence claims which he now presents. Additionally, the State asserts that the evidence now presented by Van Haele does not actually demonstrate he is innocent of the sexual intercourse without consent and incest charges.

¶12　The standard for review of a district court's denial of a petition for post-conviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Morgan*, 2003 MT 193, ¶ 7, 316 Mont. 509, 74 P.3d 1047. A district court's decision on whether to hold an evidentiary hearing on a petition for post-conviction relief is reviewed for an abuse of discretion. *Morgan*, ¶ 7.

5

¶13 Van Haele has failed to demonstrate that the District Court erred in denying his petition for post-conviction relief or abused its discretion in denying an evidentiary hearing on his petition. Van Haele's argument that he is actually innocent of the charges against him is a defense which he waived when he entered voluntary and intelligent pleas in 1992. *See Hagan v. State*, 265 Mont. 31, 35, 873 P.2d 1385, 1387 (1994). While Van Haele may attack the voluntary and intelligent character of his guilty plea, any such post-conviction challenge is procedurally barred at this point by § 46-21-102, MCA (1991). Moreover, this Court has already determined that Van Haele's plea was knowingly and intelligently entered.

¶14 Additionally, we agree with the previous determination of the federal courts that the admissions and Dr. Johnson's report do not demonstrate his actual innocence. In the admissions in the civil suit, one of the victims avers that Van Haele never penetrated or performed anal sex on her. This admission would be clearly insufficient to prove Van Haele was innocent of the incest and sexual intercourse without consent charges. And while Dr. Johnson found no physical evidence of sexual abuse, she concluded that Van Haele's grandchildren were victims of sexual abuse. The oral sex and genital fondling which Van Haele committed against his granddaughters were not the type of acts which would leave physical evidence. There is simply no exculpatory evidence in the admissions in the civil suit demonstrating that Van Haele did not commit oral sex or fondle the genitals of the victims in this case.

¶15 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for

6

memorandum opinions. It is manifest on the record before us that the District Court did not err in denying Van Haele's petition for post-conviction relief, nor did it abuse its discretion when it declined to hold an evidentiary hearing on Van Haele's petition. Affirmed.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS