FILED

January 26 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0065

DA 15-0065

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 23N

CALE EUGENE HAUER,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-13-972
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Carl B. Jensen Jr., Attorney at Law; Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General; Helena, Montana

          Kirsten Pabst, Missoula County Attorney; Missoula, Montana

Submitted on Briefs:  December 16, 2015

Decided:  January 26, 2016

Filed:

                              Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Hauer appeals from an order entered by the Fourth Judicial District Court, Missoula County, dismissing his Petition for Post-Conviction Relief (PCR). We affirm.

¶3    In 2009, Hauer was charged with multiple crimes, including two counts of misdemeanor Partner or Family Member Assault (PFMA), two counts of felony PFMA, one count of misdemeanor Unlawful Restraint, and one count each of felony Aggravated Assault, Assault with a Weapon, and Tampering with a Witness. The matter proceeded to trial in August 2010 where Hauer was found guilty on six of the eight charges. He was found not guilty on the charge of felony tampering with a witness and the jury was hung on one of the felony PFMA charges. For the felony convictions Hauer was sentenced to the Montana State Prison for five years for his felony PFMA conviction, and twenty years each for the felony assault with a weapon and felony aggravated assault convictions. On direct appeal, Hauer appealed to this Court arguing error related to his claim of justifiable use of force, and also ineffective assistance of trial counsel (IAC) based on his counsel's agreement with the prosecution not to introduce certain evidence related to the victim. We affirmed on both issues. *See State v. Hauer*, 2012 MT 120, 365 Mont. 184, 279 P.3d 149.

¶4 In August 2013, Hauer, through counsel, filed a PCR petition in district court that set forth nine separate allegations: seven IAC claims against trial counsel, one IAC claim against appellate counsel, and one claim of prosecutorial misconduct. The State submitted a written response and included the affidavit of Hauer's trial counsel. The District Court did not hold a hearing on the petition. On January 23, 2015, the District Court issued its order dismissing Hauer's petition because Hauer failed to establish that either trial or appellate counsel were ineffective, or that the prosecution engaged in misconduct.

¶5 In the present appeal Hauer presents four issues for review: (1) whether the District Court's failure to hear evidence regarding the complaining witness's veracity denied Hauer a fair hearing; (2) whether the District Court failed to adequately address the IAC claims; (3) whether the District Court erred when it denied Hauer's IAC claim regarding the failure to sever the charges at trial; and (4) whether the District Court erred when it denied Hauer's constitutional equal protection claim.

¶6 We review a denial of a PCR petition to determine whether the District Court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Sartain v. State*, 2012 MT 164, ¶ 9, 365 Mont. 483, 285 P.3d 407; *Robinson v. State*, 2010 MT 108, ¶ 10, 356 Mont. 282, 232 P.3d 403. IAC claims present mixed questions of law and fact and are reviewed de novo. *State v. Green*, 2009 MT 114, ¶ 14, 350 Mont. 141, 205 P.3d 798. To determine whether an individual has received ineffective assistance of counsel, we use the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under this test, the

3

defendant must demonstrate that his counsel's performance was deficient, and that his counsel's deficient performance prejudiced the defendant. *State v. Miner*, 2012 MT 20, ¶ 11, 364 Mont. 1, 271 P.3d 56. Under *Strickland*'s second prong, we examine whether there is a reasonable probability that counsel's lack of reasonable professional conduct renders the trial result unreliable or the proceedings fundamentally unfair. *Miner*, ¶ 12. If an insufficient showing is made regarding one prong of the test, there is no need to address the other prong. *Dawson v. State*, 2000 MT 219, ¶ 21, 301 Mont. 135, 10 P.3d 49 (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069). A petitioner seeking to reverse a district court order denying PCR based on ineffective assistance of counsel bears a heavy burden. *Sartain*, ¶ 9 (citing *State v. Morgan*, 2003 MT 193, ¶ 9, 316 Mont. 509, 74 P.3d 1047).

¶7 The District Court addressed all of Hauer's IAC claims in light of the factual allegations set forth in the PCR petition and trial counsel's affidavit, and concluded that Hauer "failed to meet his burden of establishing that either trial or appellate counsel's performance 'fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances'" (quoting *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861). Likewise, we have evaluated the District Court's decision in light of Hauer's petition, trial counsel's affidavit, and the record, and we conclude that the court adequately addressed each and every one of Hauer's claims of IAC. We also conclude that the court's findings of fact are not clearly erroneous and that Hauer has failed to overcome his heavy burden of establishing IAC by either trial counsel or appellate counsel.

4

¶8 We review discretionary rulings in PCR proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion. *Morgan*, ¶ 7. Hauer's claim that the District Court erred by not ordering an evidentiary hearing fails because Hauer did not ask for a hearing and the court is not obligated to order a hearing *sua sponte*. Section 46-21-201, MCA; *DuBray v. State*, 2008 MT 121, ¶ 30, 342 Mont. 520, 182 P.3d 753 (overruled in part on other grounds by *Marble v. State*, 2015 MT 242, ¶ 31, 380 Mont. 366, 355 P.3d 742). Furthermore, this issue is raised for the first time on appeal and typically we will not review such an issue. *State v. Armstrong*, 172 Mont. 296, 300, 562 P.2d 1129, 1132 (1977).

¶9 We also conclude that the District Court did not err by rejecting Hauer's specific claim that both trial and appellate counsel were ineffective for not asserting Hauer's claim that the PFMA statute violates equal protection by making a distinction between homosexual and heterosexual individuals. Neither trial counsel nor appellate counsel is under an obligation to advance novel or unprecedented legal theories. *State v. Weldele*, 2003 MT 117, ¶ 70, 315 Mont. 452, 69 P.3d 1162 ("[T]here is a strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of *reasonable professional judgment*.'" (quoting *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066) (emphasis added); *Jones v. Barnes*, 463 U.S. 745, 754, 103 S. Ct. 3308, 3314 (1983) ("For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy. . . ."); *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986) ("Th[e] process of 'winnowing out weaker

5

arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (quoting *Jones*, 463 U.S. at 751, 103 S. Ct. at 3313).

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion.

¶11 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

6