No. 04-145

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 6

LLOYD E. RULE,

       Plaintiff and Appellant,

   v.

BURLINGTON NORTHERN AND
SANTA FE RAILWAY CO.,

       Defendant and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. BDV 2003-975
                 Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

              Alexander (Zander) Blewett, III, Kurt M. Jackson; Hoyt &
              Blewett, Great Falls, Montana

       For Respondent:

              Jon M. Moyers; Hedger Moyers, Billings, Montana

                         Submitted on Briefs:  August 25, 2004

                                 Decided:  January 25, 2005

Filed:

                    _____
                              Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     In this Federal Employers' Liability Act (FELA) action, the Eighth Judicial District Court, Cascade County, granted the motion of Burlington Northern and Santa Fe Railway Company (BNSF) for a change of venue. Lloyd E. Rule appeals. We affirm.

¶2     The issue is whether the District Court erred in granting BNSF's motion to change venue pursuant to §§ 25-2-122(2) and -201(1), MCA.

## BACKGROUND

¶3     Rule filed this action in Cascade County District Court, seeking damages from BNSF for personal injury arising out of his railroad employment in Dawson County, where he resides. After Rule served BNSF through its registered agent in Yellowstone County, BNSF timely moved to change venue from Cascade County to either Yellowstone County or Dawson County, pursuant to §§ 25-2-122(2) and -201(1), MCA.

¶4     Relying on the referenced statutes, the District Court granted BNSF's motion to change venue and ordered the case transferred to either Dawson or Yellowstone County, at Rule's option. Rule appeals.

## STANDARDS OF REVIEW

¶5     Proper venue is a question of law involving the application of venue statutes to pleaded facts. Our review of a district court's venue ruling is plenary; we simply determine whether the district court's ruling was legally correct. *Sprinkle v. Burton* (1996), 280 Mont. 358, 361, 935 P.2d 1094, 1096 (citations omitted).

2

¶6     Similarly, we review a conclusion that a statute is constitutional for correctness. *See*

*Powell v. State Compensation Ins. Fund*, 2000 MT 321, ¶ 13, 302 Mont. 518, ¶ 13, 15 P.3d

877, ¶ 13 (citations omitted).  The constitutionality of a legislative enactment is presumed,

and the party challenging a statute bears the burden of proving it unconstitutional beyond a

reasonable doubt.  *Powell*, ¶ 13 (citations omitted).

## DISCUSSION

¶7     Did  the District Court err in granting BNSF's motion to change venue pursuant to §§

25-2-122(2) and -201(1), MCA?

¶8     Venue issues relate to determining the proper place for trial of a legal action. The

venue statutes at issue in the present case are § 25-2-122(2), MCA, and § 25-2-201(1), MCA.

Subsections (a), (b) and (c), respectively, of § 25-2-122(2), MCA, provide that the proper

place of trial for a tort action against a corporation incorporated in a state other than Montana

is the county in which the tort was committed, the county in which the plaintiff resides or

the county in which the corporation's resident agent is located.  Section 25-2-201(1), MCA,

provides that, upon motion and when the county designated in the complaint is not the proper

county, a district court must change the place of trial.

¶9     In granting BNSF's motion, the District Court determined that venue was proper in

either Dawson County or Yellowstone County.  The apparent basis for that determination

is that the alleged tort was committed--and Rule resided--in Dawson County, and BNSF's

resident agent is located in Yellowstone County.  The District Court implicitly concluded

that, because Cascade County was not a proper venue under the plain meaning of § 25-2-

3

122(2), MCA, § 25-2-201(1), MCA, required it to change the place of trial to a proper county.

¶10  Rule sets forth three arguments in support of his overall contention that the District Court erred in applying the terms of Montana's general tort venue statutes to his FELA action: (1) that the Legislature did not intend § 25-2-122(2), MCA, to apply to FELA cases; (2) that § 25-2-122(2), MCA, cannot coexist with the liberal forum selection policy under FELA; and (3) that § 25-2-122(2), MCA, is unconstitutional because it constitutes an arbitrary and capricious limitation on FELA venue practice in Montana.  We address each argument in turn.

¶11  Rule contends the Montana Legislature did not intend § 25-2-122(2), MCA, to apply to FELA cases.  In this regard, he relies on Senator Bruce Crippen's comments during legislative hearings on the 1995 and the 1997 amendments to § 25-2-122, MCA.  Specifically, he cites Crippen's remarks in response to criticism of the bill by railroad worker and union opponents.  Crippen stated that "the provisions of this bill would not restrict their [FELA claimants'] options at all" and "[t]his has nothing to do with FELA.  They can still file under the federal forum if they choose."  *See* Hearing on Senate Bill 63 before the House Judiciary Committee, 1995 Montana Legislature, March 10, 1995, p. 2; Hearing on Senate Bill 314 before the Senate Judiciary Committee, 1997 Montana Legislature, February 13, 1997, p. 12.

¶12  Senator Crippen's comments at the referenced hearings appear to address the rights of FELA plaintiffs to sue in federal court.  In any event, Senator Crippen's remarks do not

4

necessarily reflect the law. When a statute is plain and unambiguous on its face, we do not employ other means of interpretation in determining legislative intent. *See Connery v. Liberty Northwest Ins. Corp.* (1996), 280 Mont. 115, 119, 929 P.2d 222, 225 (citation omitted).

¶13   Pursuant to § 25-2-122(1), MCA, the general rule is that the proper place of trial for a tort action is the county in which the defendant resides or the tort was committed. Section 25-2-122(2), MCA, provides that the proper place of trial for a tort action in which the defendant is a corporation incorporated in a state other than Montana is the county in which the tort was committed, the county in which the plaintiff resides or the county in which the corporation's resident agent is located. Section 25-2-122(3), MCA, provides that if the defendant is a resident of a state other than Montana, the proper place of trial for a tort action is the county in which the tort was committed or the plaintiff resides.

¶14   A FELA action is a negligence action against a common carrier by railroad under federal law. *See* 45 U.S.C. § 51. Negligence is a type of tort. Section 25-2-122(1), MCA, plainly states that--except as provided in subsections (2) and (3)--it applies to tort actions, and subsection (2) applies to tort actions against defendant corporations incorporated in a state other than Montana. BNSF is a defendant out-of-state corporation. The Legislature did not create an exception from the provisions of § 25-2-122(2), MCA, for FELA claims. Because § 25-2-122, MCA, does not expressly exclude FELA claims, we conclude the statute applies to FELA claims.

5

¶15 Next, Rule contends § 25-2-122(2), MCA, cannot coexist with "the liberal forum selection policy under the FELA to which injured railroad workers are entitled under Montana law." He advances both federal and state cases in support of this proposition.

¶16 There can be no dispute that both federal law and courts, and this Court, are protective of broad venue rights for FELA plaintiffs. Pursuant to federal statute, a federal district court has jurisdiction of a FELA action, concurrent with the jurisdiction of state courts, if the defendant resides in or does business in that federal court's district or if the cause of action arose in that district. *See* 45 U.S.C. § 56. Venue choices for FELA actions filed in federal court are broader than the choices allowed under the general federal venue provisions, which "worked injustices to employees." *Baltimore & O. R. Co. v. Kepner* (1941), 314 U.S. 44, 53, 62 S.Ct. 6, 10, 86 L.Ed. 28, 33. The United States Supreme Court has stated "[t]he right to select the forum granted in [45 U.S.C. § 56] is a substantial right." *Boyd v. Grand Trunk Western R. Co.* (1949), 338 U.S. 263, 266, 70 S.Ct. 26, 28, 94 L.Ed. 55, 58.

¶17 The Supreme Court also has recognized that "the venue of state court [FELA] suits was left to the practice of the forum . . . [provided,] [b]y virtue of the Constitution, [that] the courts of the several states must remain open to [FELA] litigants on the same basis that they are open to litigants with causes of action springing from a different source." *See Miles v. Illinois Cent. R. Co.* (1942), 315 U.S. 698, 703, 62 S.Ct. 827, 830, 86 L.Ed. 1129, 1134. Here, Rule does not dispute that the Montana venue statutes provide FELA litigants with access to Montana courts on the same basis as litigants with tort causes of action against nonresident corporations springing from different sources.

6

¶18     Rule relies on a series of Montana cases, decided over the last quarter-century, for the proposition that this Court does not recognize the doctrine of *forum non conveniens* in FELA actions.  *See State ex rel. Burlington Northern R. Co. v. District Court* (1995), 270 Mont. 146, 154, 891 P.2d 493, 498; *State ex rel. Burlington Northern R. Co. v. District Court* (1987), 229 Mont. 325, 329, 746 P.2d 1077, 1080; *Labella v. Burlington Northern, Inc.* (1979), 182 Mont. 202, 595 P.2d 1184.  He is correct.

¶19     Whether a change of venue may be allowed on the basis of *forum non conveniens* differs, however, from the question presented here, which is whether Rule filed his FELA action in a proper venue, in the first instance, under the applicable venue statute.  Venue must be changed if the county designated in the complaint is not a proper county.  Section 25-2-201(1), MCA.  *Forum non conveniens*, which is codified in Montana at § 25-2-201(2) and (3), MCA, allows a court to decline to exercise jurisdiction even when jurisdiction is authorized under the venue statutes, when an impartial trial cannot be had in the county designated in the complaint or the convenience of witnesses and the ends of justice would be promoted by the change.  In the present case, the District Court did not grant BNSF's change of venue motion pursuant to the doctrine of *forum non conveniens*, but instead pursuant to § 25-2-201(1), MCA, on the basis that Cascade County was not a proper county for Rule's FELA action given the plain language of § 25-2-122(2), MCA.

¶20     Rule next quotes from several Montana cases involving issues other than *forum non conveniens*, in which we have made statements relating to venue in FELA cases.  For example, we stated in *Ford v. Burlington Northern R. Co.* (1991), 250 Mont. 188, 193, 819

7

P.2d 169, 173, *aff'd sub nom. Burlington Northern R. Co. v. Ford* (1992), 504 U.S. 648 112 S.Ct. 2184, 119 L.Ed.2d 432, that FELA was "designed to provide injured railroad workers with as many options as possible when choosing the venue within which to file their complaint." Similarly, we stated in *Haug v. Burlington Northern R. Co.* (1989), 236 Mont. 368, 374, 770 P.2d 517, 520, that "the FELA is to be given a liberal construction in favor of injured railroad employees." While Rule is correct that, under our cases, a FELA plaintiff may not be afforded *fewer* venue options than general tort plaintiffs, a FELA plaintiff's options are not necessarily unlimited, under any case law he has cited.

¶21    Rule also quotes from *Davis v. United Pacific R. Co.* (1997), 282 Mont. 233, 245-46, 937 P.2d 27, 34, that "[o]ne area of FELA that this Court has liberally construed in order to further the objectives of FELA is a plaintiff's selection of forum in actions brought under the Act." This statement is as true today as it was in 1997. However, *Davis* must be placed in an appropriate context.

¶22    Prior to 1995, Montana's general venue statute allowed a plaintiff to sue any nonresident defendant, including an out-of-state corporation, in any county in the state. *See* § 25-2-118(2), MCA (1993). In 1995, the Montana Legislature adopted § 25-2-122(2), MCA (1995), which restricted venue for a plaintiff bringing a tort action against a nonresident corporate defendant to the county in which the tort was committed, the county in which the plaintiff resided or the county in which the corporation's resident agent was located. The general venue statute allowing actions against nonresident defendants to be brought in any

county remained in effect as to noncorporate nonresident defendants. *See* § 25-2-118(2), MCA (1995).

¶23    In *Davis*, we addressed the constitutionality of the manner in which these venue statutes differentiated between cases in which the defendant was a nonresident corporation and cases in which the defendant was a nonresident individual. We reviewed the statutes in light of their practical application to an example of two motorists injured on a Montana highway, one as a result of the negligence of an out-of-state individual and the other as the result of the negligence of an out-of-state corporation. Based on the vastly different venue options available to the two plaintiffs in our example, we held that § 25-2-122(2), MCA, violated the Equal Protection Clause of the Montana Constitution. *Davis*, 282 Mont. at 246, 937 P.2d at 34.

¶24    Following our decision in *Davis*, the 1997 Legislature again amended the venue statutes, excepting from the general venue statutes all torts in which the defendant is a nonresident. Under the 1997 venue statutes, which remain in effect, the proper place of trial for a tort action against a nonresident defendant--corporate or otherwise--is the county in which the tort was committed, the county in which the plaintiff resides or, in the case of a corporate defendant, the county in which the corporation's resident agent is located. *See* §§ 25-2-118(2) and 25-2-122(2) and (3), MCA.

¶25    We have reviewed all of the authorities cited by Rule in support of his second contention. It is true that we have always supported broad FELA venue choices. However, we have never required, nor do the federal statutes or case law, that state court venue for

9

FELA actions must include every place the defendant railroad does business, regardless of venue limits statutorily placed on other tort plaintiffs. We observe that, under § 25-2-122(2), MCA, FELA plaintiffs have three proper venues for trial, as opposed to two venues available to plaintiffs under the general tort statute or in a tort case in which the defendant is an out-of-state individual. We conclude § 25-2-122(2), MCA, provides sufficient venue options for FELA plaintiffs to meet the concerns expressed in the federal venue statute and cases and our previous cases.

¶26   Rule's third argument is that § 25-2-122(2), MCA, constitutes an arbitrary and capricious limitation on FELA venue practice in Montana and violates his right to substantive due process of law. We disagree with Rule's notion that § 25-2-122(2), MCA, is arbitrary and capricious *vis-a-vis* FELA venue practice. Under the statute, a FELA plaintiff has the same, or greater, venue rights as any other tort plaintiff.

¶27   Rule claims venue in FELA cases is elevated to a substantive right and § 25-2-122(2), MCA, is unconstitutional. He properly advances *Hardy v. Progressive Specialty Ins. Co.*, 2003 MT 85, 315 Mont. 107, 67 P.3d 892, for the proposition that, in order to comply with substantive due process requirements of the Montana Constitution, a statute must be reasonably related to a permissible legislative objective. Rule contends prevention of forum shopping in FELA cases is not a permissible statutory objective. The statute does not treat FELA plaintiffs differently than other plaintiffs with tort actions, however, and Rule presents no evidence that restricting forum shopping by a FELA plaintiff was the purpose of § 25-2-122(2), MCA.

¶28 The Montana Legislature has broad discretionary powers to enact laws governing venue. *See Davis*, 282 Mont. at 242, 937 P.2d at 32. As a matter of federal law, FELA cases filed in state courts are subject to the same venue provisions as other civil cases filed in state courts. *Miles,* 315 U.S. at 703, 62 S.Ct. at 830, 86 L.Ed. at 1134. Because federal law allows state legislatures to enact venue laws applicable to FELA actions, there is no legal impediment to treating FELA plaintiffs exactly the same as other Montana plaintiffs with tort actions against out-of-state corporate defendants.

¶29 Under § 25-2-122(2), MCA, the state courts of Montana remain open to FELA plaintiffs on the same basis that they are open to tort litigants with causes of action springing from a different source. Rule has established no reason why application of § 25-2-122(2), MCA, to FELA cases exceeds legislative discretion in enacting venue statutes. As a result, we conclude Rule has not met his burden of proving § 25-2-122(2), MCA, unconstitutional.

¶30 We hold the District Court properly applied the venue statutes, which Rule has not proven unconstitutional. We affirm the District Court's order granting BNSF's motion for change of venue.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE

11