No. 05-158

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 304

VERA MAUPIN,

      Petitioner and Appellant,

  v.

MEADOW PARK MANOR, a partnership d/b/a
THE COTTONWOODS and PROFESSIONAL MANAGEMENT, LLC,

      Defendants and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. BDV 04-1259,
The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Anna M. Bidegaray and Daniel B. Bidegaray, Bidegaray Law Firm, LLP,
Bozeman, Montana

      For Respondents:

            James R. Halverson, Herndon, Sweeney & Halverson, P.C., Billings,
Montana

Submitted on Briefs: October 5, 2005

Decided: December 6, 2005

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Vera Maupin (Maupin) appeals from an order of the Eighth Judicial District, Cascade County, granting Meadow Park Manor's (Meadow Park) motion for change of venue. We reverse.

¶2 We address whether a plaintiff properly may bring an action in a venue based on the residency of a limited partner in a tort action against a limited liability partnership.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Maupin slipped and fell in front of her apartment in Richland County on February 18, 2004. Meadow Park, a partnership, owns the apartment building. A partner in Meadow Park resides in Cascade County.

¶4 Maupin filed a complaint against Meadow Park in Cascade County on November 15, 2004. Meadow Park moved for a change of venue contending that the residency of a limited partner in Cascade County does not constitute a proper basis for venue under § 25-2-122, MCA. Maupin maintained, however, that Meadow Park owns the apartment building as a general partnership because the property deeds do not refer to Meadow Park as an LLP. The District Court granted Meadow Park's motion for a change of venue on January 24, 2005. Maupin further contends on appeal that even if Meadow Park owns the property as an LLP, the limited partnership statute did not alter the venue rules from that of a general partnership.

## STANDARD OF REVIEW

¶5 Proper venue presents a question of law involving the application of venue statutes to pleaded facts. *Rule v. Burlington Northern & Santa Fe Ry. Co.*, 2005 MT 6, ¶ 5, 325

2

Mont. 329, ¶ 5, 106 P.3d 533, ¶ 5. Our review of a district court's grant of a motion for change of venue is plenary, as we determine whether the court's ruling was legally correct. *Sprinkle v. Burton* (1996), 280 Mont. 358, 361, 935 P.2d 1094, 1096.

## DISCUSSION

¶6     We agree with Maupin that the venue rules for limited liability partnerships do not differ from those of general partnerships, therefore, this Court need not address whether Meadow Park owned the apartments as a general partnership or a limited liability partnership.

¶7     The limited partnership statute draws no distinction from general partnerships regarding venue. See Title 35, Chapters 10 and 12, Montana Code Annotated. To the contrary, the statutory language states that a partnership registered as a limited liability partnership is for all purposes "the same entity that existed before the registration." Section 35-10-702, MCA. The "all purposes" referenced in § 35-10-702, MCA, presumably includes venue. We decline Meadow Park's invitation to infer legislative intent to modify venue rules for limited liability partnerships. Our role simply is to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or omit what has been inserted. Section 1-2-101, MCA.

¶8     A tort action may be filed in any county in which a defendant resides at the commencement of the action. Section 25-2-122(1), MCA. A partnership resides where any partner resides for the purposes of venue. *See La Mirada Cmty. Hosp. v. California* (1967), 57 Cal. Rptr. 42, 43. Thus, a suit against a limited liability partnership properly may be

3

commenced in any county where any general or limited partner resides. The District Court improperly granted Meadow Park's motion for a change of venue when one of its partners resided in Cascade County at the time that Maupin filed this action there.

¶9    Reversed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART

Justice John Warner Concurs.

¶10     I concur in the Court's Opinion and write separately to address the argument made by the limited partnership, Meadow Park Manor.

¶11     The sequence of relevant events in this matter is:

| | |
|---|---|
| 7/30/97 | The partnership, Meadow Park, was formed. |
| 8/29/01 | Ms. Dorr is distributed a partnership interest in Meadow Park. |
| 4/16/02 | Meadow Park files its certificate of limited partnership with the Montana Secretary of State. |
| 2/18/04 | The accident in question occurs. |
| 11/15/04 | Ms. Maupin files her complaint. |

¶12     At the time of the accident in question, and when the complaint was filed, Meadow Park was a limited partnership. Sections 35-10-637, 35-10-701, 702, MCA. Meadow Park argues that the only Cascade County resident, Ms. Dorr, was a limited partner who did not participate in the management of the business, and as such she cannot be personally liable to Maupin. Section 35-12-703(1), MCA. Meadow Park's argument continues, that because Ms. Dorr cannot be named a defendant in this action, none of the requirements of § 25-2-122, MCA, which would make Cascade County a proper venue, can be met. To bolster its argument, Meadow Park analogizes a limited partnership to a corporation, and cites *Platt v. Sears, Roebuck & Co.* (1986), 222 Mont. 184, 187, 721 P.2d 336, 338, for the proposition that a Montana corporation's only residence is the county in which it has its principal place of business.

5

¶13 Meadow Park's argument has a certain appeal. Perhaps the most important attribute of both limited partnerships and corporations is the protection enjoyed by both limited partners and shareholders from liability to third parties. However, a limited partnership is not a corporation--it is still a partnership. Sections 35-10-637, 35-10-702, MCA. The internal organization of a limited partnership is different from that of a corporation, its membership and filing requirements are different from those of corporations and in some ways limited liability partnerships receive different tax treatment than corporations.

¶14 As noted by the Court, the legislature has not amended the venue statutes to provide that a limited partnership will be treated the same as a corporation for venue purposes. And, it is not for this Court to add to what has been omitted to a statute. Section 1-2-101, MCA; *State v. Gooding*, 1999 MT 249, ¶ 22, 296 Mont. 234, ¶ 22, 989 P.2d 304, ¶ 22; *State v. Spalding* (1991), 247 Mont. 317, 321, 806 P.2d 1029, 1032. Thus, I concur with the Court's decision to reverse the District Court's order granting Meadow Park's motion to change venue.

/S/ JOHN WARNER

Justice Jim Rice joins in the foregoing concurrence.

/S/ JIM RICE

6