JUSTICE MORRIS
delivered the Opinion of the Court.
¶1 Vera Maupin (Maupin) appeals from an order of the Eighth Judicial District, Cascade County, granting Meadow Park Manor’s (Meadow Park) motion for change of venue. We reverse.
¶2 We address whether a plaintiff properly may bring an action in a venue based on the residency of a limited partner in a tort action against a limited liability partnership.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 Maupin slipped and fell in front of her apartment in Richland County on February 18, 2004. Meadow Park, a partnership, owns the apartment building. A partner in Meadow Park resides in Cascade County.
¶4 Maupin filed a complaint against Meadow Park in Cascade County on November 15, 2004. Meadow Park moved for a change of venue contending that the residency of a limited partner in Cascade County does not constitute a proper basis for venue under § 25-2-122, MCA. Maupin maintained, however, that Meadow Park owns the apartment building as a general partnership because the property deeds do not refer to Meadow Park as an LLP. The District Court granted Meadow Park’s motion for a change of venue on January 24, 2005. Maupin further contends on appeal that even if Meadow Park owns the property as an LLP, the limited partnership statute did not alter the venue rules from that of a general partnership.
STANDARD OF REVIEW
¶5 Proper venue presents a question of law involving the application of venue statutes to pleaded facts. Rule v. Burlington Northern & Santa Fe Ry. Co., 2005 MT 6, ¶ 5, 325 Mont. 329, ¶ 5, 106 P.3d 533, ¶ 5. Our review of a district court’s grant of a motion for change of venue *417 is plenary, as we determine whether the court’s ruling was legally correct. Sprinkle v. Burton (1996), 280 Mont. 358, 361, 935 P.2d 1094, 1096.
DISCUSSION
¶6 We agree with Maupin that the venue rules for limited liability partnerships do not differ from those of general partnerships, therefore, this Court need not address whether Meadow Park owned the apartments as a general partnership or a limited liability partnership.
¶7 The limited partnership statute draws no distinction from general partnerships regarding venue. See Title 35, Chapters 10 and 12, Montana Code Annotated. To the contrary, the statutory language states that a partnership registered as a limited liability partnership is for all purposes “the same entity that existed before the registration.” Section 35-10-702, MCA. The “all purposes” referenced in § 35-10-702, MCA, presumably includes venue. We decline Meadow Park’s invitation to infer legislative intent to modify venue rules for limited liability partnerships. Our role simply is to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or omit what has been inserted. Section 1-2-101, MCA.
¶8 A tort action may be filed in any county in which a defendant resides at the commencement of the action. Section 25-2-122(1), MCA. A partnership resides where any partner resides for the purposes of venue. See La Mirada Cmty. Hosp. v. California (1967), 57 Cal. Rptr. 42, 43. Thus, a suit against a limited liability partnership properly may be commenced in any county where any general or limited partner resides. The District Court improperly granted Meadow Park’s motion for a change of venue when one of its partners resided in Cascade County at the time that Maupin filed this action there.
¶9 Reversed.
CHIEF JUSTICE GRAY, JUSTICES NELSON, COTTER and LEAPHART concur.