OP 07-0713

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 333

| | |
|---|---|
| THE OFFICE OF STATE PUBLIC DEFENDER, | ) |
| | ) |
| Petitioner, | ) OPINION |
| | ) AND |
| v. | ) ORDER |
| | ) |
| MONTANA THIRTEENTH JUDICIAL DISTRICT, YELLOWSTONE COUNTY, THE HONORABLE RUSSELL C. FAGG, DISTRICT JUDGE, | ) |
| | ) |
| Respondent. | ) |

FILED

DEC 1 2 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

¶1 The Petitioner, the Office of the State Public Defender, has requested that this Court issue a writ of supervisory control directed to the Thirteenth Judicial District Court, Yellowstone County, the Hon. Russell C. Fagg, District Judge presiding, vacating an order entered November 27, 2007, in Yellowstone County Cause No. DC-05-55, *State v. Raymond Case, Jr.* The order in question provides:

> IT IS HEREBY ORDERED that the Appellate Public Defenders Office is appointed to represent Mr. Case to see if his alleged ineffective assistance of counsel claim merits the filing of a post-conviction relief motion.

¶2 The District Court's order was made in response to a letter written by Mr. Case, requesting that counsel be appointed to assist him in the preparation and filing of a petition for postconviction relief.

¶3 Section 46-8-104(1), MCA, provides that a district court may order that counsel from the Office of the State Public Defender represent an eligible person who has filed a postconviction action or preceding under certain circumstances. There is no provision in

§ 46-8-104, MCA, allowing district courts to appoint counsel employed by the Office of the State Public Defender in advance of the filing of a petition for postconviction relief.

¶4 Section 47-4-104(4), MCA, concerning the scope of services to be provided by the statewide public defender system, does not give the district courts authority to appoint counsel employed by the system to represent a person who may desire to file a petition for postconviction relief, but has not done so.

¶5 Should Mr. Case file a petition for postconviction relief, the District Court shall, of course, consider such petition as provided by § 46-21-201, MCA, make the necessary decisions, and enter an appropriate order.

¶6 It appears from the petition and the attached exhibits that the Respondent District Court is proceeding under a mistake of law. An appeal of the order in question would not provide an adequate remedy as the inquiry which has been ordered must take place before any response to the order is filed. We conclude that in this instance the petition meets the requirements of M. R. App. P. 14(3)(a).

¶7 NOW, THEREFORE, IT IS ORDERED as follows:

¶8 1. The Petition for Writ of Supervisory Control is GRANTED.

¶9 2. The Order of the District Court in Yellowstone County Cause No. DC-05-55, *State v. Raymond Case, Jr.*, dated November 27, 2007, is VACATED.

¶10 3. The Clerk of this Court shall mail a copy of this Order to the presiding judge in Cause No. DC-05-55, Yellowstone County, the Clerk of the Yellowstone County District Court, Mr. Case, and to counsel of record.

¶11　DATED this ___13th___ day of December 2007.

/s/ Karla M. Gray
Chief Justice

/s/ John Warner

/s/ Patricia Cotter

/s/ Jim Rice

/s/ W. William Leaphart
Justices

3