No. OP 11-0206

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 97

_____

| | | |
|---|---|---|
| THE OFFICE OF THE STATE PUBLIC DEFENDER, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | O R D E R |
| MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY, THE HONORABLE HOLLY BROWN, District Judge, and THE HONORABLE MIKE SALVAGNI, District Judge, | ) ) ) ) ) ) | and O P I N I O N |
| Respondents. | ) ) | |

_____

¶1 The Office of the State Public Defender (OPD) has filed a petition for writ of supervisory control in which it asks us to vacate an order appointing OPD to represent petitioner Matthew Ulrigg in Gallatin County Cause No. DV 11-342A unless the District Court complies with § 46-21-201, MCA. OPD also asks us to prohibit the District Court from appointing OPD in any postconviction proceeding until after the court has received a response to the petition from the State of Montana. OPD has attached to its petition copies of orders in which both Judge Holly Brown and Judge Mike Salvagni have taken the position that §§ 46-21-201(2) and 47-1-104(4)(a)(v), MCA, allow a district court to appoint OPD in a postconviction proceeding upon the court's determination that the interests of justice require such appointment, even if that determination is made before a responsive pleading is filed.

¶2 Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, the case involves purely legal questions, and, among other alternatives, the other court is proceeding under a mistake of law and is causing a gross injustice. *See* M. R. App. P. 14(3). As to the issue presented here, OPD has no right of appeal, and the issue is a pure legal issue of statutory interpretation. Moreover, we conclude, as described more fully below, that the

District Court is proceeding under a mistake of law causing a gross injustice. For those reasons, we have determined to exercise our power of supervisory control.

¶3     Initially, it is important to note that indigent petitioners for postconviction relief do not have a constitutional right to appointed counsel. *See State v. Bromgard*, 285 Mont. 170, 175, 948 P.2d 182, 185 (1997). Instead, the right to appointed counsel in a postconviction proceeding is statutory.

¶4     Section 47-1-104(4)(a)(v), MCA, upon which the District Court has relied in part for its position, allows a district court to order OPD to assign counsel to a petitioner in a proceeding for postconviction relief "as provided in 46-21-201." As this language indicates, the procedure is set forth more fully in § 46-21-201, MCA.

¶5     In an order appended to the petition for supervisory control, the District Court cited our opinion in *Office of State Public Defender v. District Court*, 2007 MT 333, 450 Mont. 234, 178 P.3d 693, noting that decision does not require that the steps set forth in § 46-21-201(1)(a), MCA, be followed before counsel may be appointed. It is true that opinion does not discuss such a requirement. However, that case is distinguishable in that it involved an issue concerning the impropriety of the appointment of counsel prior to the filing of a petition for postconviction relief; the issue raised here was not presented.

¶6     Section 46-21-201, MCA, describes the proceedings in a district court upon the filing of a petition for postconviction relief. Subsection (1)(a) provides that, initially, unless the petition and the record conclusively show that the petitioner is not entitled to relief, the court shall order a responsive pleading to be filed by either the county attorney or the Office of the Attorney General. That subsection goes on to state that, following the court's review of the responsive pleading, the court "may dismiss the petition as a matter of law for failure to state a claim for relief, or it may proceed to determine the issue."

¶7     The statute's next subsection, § 46-21-201(2), MCA, addresses the heart of the matter presented here. That subsection provides:

If the death sentence has not been imposed and a hearing is required or if the interests of justice require, the court shall order the office of state public defender, provided for in 47-1-201, to assign counsel for a petitioner who qualifies for the assignment of counsel under Title 46, chapter 8, part 1, and the Montana Public Defender Act, Title 47, chapter 1.

OPD contends subsections (1) and (2) of the statute require a district court to determine whether a response to the petition for postconviction relief is necessary; order a response, if necessary; review the response; and then determine whether to order OPD to assign counsel-- in that sequence. OPD asserts the consequences of allowing district courts to appoint counsel without meeting those statutory criteria will be to overburden the public defender system, resulting in the system's inability to serve those it is specifically obligated to represent.

¶8    We agree with OPD as to the plain and logical meaning of § 46-21-201, MCA. Subsections (1) and (2) of that statute establish a chronology of events. After reviewing the State's court-ordered response to a petition for postconviction relief, the court may determine the petition fails to state a claim for relief and dismiss it as a matter of law. Alternatively, after a response has been filed, the court can evaluate whether, for purposes of a hearing or in the interests of justice, counsel is necessary. Because the court needs to review the State's response in order to determine whether a hearing is required, any delay in deciding whether to appoint counsel until after that response is filed presents no danger of leaving the petitioner unrepresented at a hearing on the petition for postconviction relief.

¶9    We hold that, under § 46-21-201, MCA, Montana district courts may not appoint OPD in a postconviction proceeding until after the court has received a response to the petition and determined that a hearing will be held or the interests of justice otherwise require the appointment of counsel.

¶10    Therefore,

¶11    IT IS ORDERED that OPD's petition for writ of supervisory control is GRANTED. The District Court's order appointing OPD to represent petitioner Matthew Ulrigg in Gallatin County Cause No. DV 11-342A is vacated until the court complies with § 46-21-201, MCA.

¶12	The Clerk is directed to provide copies of this Order to counsel for the Petitioner, counsel for the respondent in Gallatin County Cause Nos. DV 11-342A and DV 11-337B, the Honorable Holly Brown, and the Honorable Mike Salvagni.

DATED this 3rd day of May, 2011.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT