DA 13-0304

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 92N

LARRY B. DANIELS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:     District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DV 13-13
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Larry B. Daniels, self-represented; Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General; Helena, Montana

          Daniel M. Guzynski, Assistant Attorney General, Special Deputy County
Attorney for Carbon County; Helena, Montana

          Alex Nixon, Carbon County Attorney; Red Lodge, Montana

Submitted on Briefs:  March 12, 2014
Decided:  April 2, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    In January 2010 a jury in Carbon County, Montana, convicted Larry Daniels of deliberate homicide in the shooting death of his adult son. Daniels appealed the conviction to this Court. He contended on appeal that the District Court erred in its rulings on the admissibility of proposed character evidence regarding the victim, and in refusing Daniels' offered instructions regarding the justifiable use of force in defense of an occupied structure. This Court considered these arguments in detail, determined that the District Court committed no error, and affirmed the conviction. *State v. Daniels*, 2011 MT 278, 362 Mont. 426, 265 P.3d 623.

¶3    In early 2012, shortly after this Court's decision on direct appeal, Daniels filed a petition for postconviction relief. On March 4, 2013, the District Court entered its "Order Denying Petition for Postconviction Relief." The District Court determined that Daniels was not entitled to relief, dismissed the petition without requiring a response from the State, and declined to appoint counsel. Daniels appeals.

¶4    Daniels' petition raises essentially the same contentions he raised on direct appeal, but posits them in the context of alleged ineffective assistance of counsel. Daniels contends that his trial counsel was ineffective for failing to explain to him the significance of the foundation evidence required to introduce evidence of the victim's prior violent tendencies.

2

Daniels contends that if he had testified differently the evidence of the victim's prior acts of violence would have been admitted. A claim of ineffective assistance can prevail only if the petitioner shows that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Rukes v State*, 2013 MT 56, ¶ 9, 369 Mont. 215, 297 P.3d 1195.

¶5 At trial the District Court considered the parties' positions on evidence of the victim's past. The District Court made it clear that Daniels could introduce evidence of past violence by the victim as long as there was evidence that Daniels knew about the violence and was motivated by that knowledge to act as he did. *Daniels*, ¶¶ 17-22. This is consistent with Montana law. *State v. Montgomery*, 2005 MT 120, ¶ 20, 327 Mont. 138, 112 P.3d 1014. Daniels testified, however, that his motivation on the night of the shooting was the confrontation he just had with his son minutes before the event.

¶6 The District Court considered these contentions on postconviction relief. The District Court noted Daniels' trial testimony and determined that Daniels' argument was essentially a complaint that he had not been given the opportunity to manipulate his testimony about his motivation on the night of the shooting. The District Court determined that Daniels chose to testify as he did at trial and that he did not provide any evidence or argument that he could have honestly testified that the victim's past acts were a motivating force when he shot his son. The District Court concluded that Daniels had not overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Whitlow v. State*, 2008 MT 140, ¶ 15, 343 Mont. 90, 183 P.3d 861. The District Court determined that Daniels had failed to show that his attorney was ineffective for failing to

3

provide him with the opportunity to alter his testimony to allow the admission of the evidence of past violence.

¶7     The District Court determined that Daniels' remaining claims were or could reasonably have been raised on direct appeal. Claims that were or could have been raised on direct appeal are barred and may not be raised in a petition for postconviction relief. Section 46-21-105(2), MCA; *Rukes*, ¶ 11.

¶8     Finally, the District Court determined that Daniels was not entitled to appointment of counsel, citing *Office of Public Defender v. District Court*, 2011 MT 97, ¶ 9, 360 Mont. 284, 255 P.3d 107. The District Court correctly determined that appointment of counsel under § 46-21-201, MCA, was not warranted because the petition for postconviction relief demonstrated that Daniels was not entitled to relief.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law which the District Court correctly applied.

¶10     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT

4