FILED

May 19 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0347

DA 14-0347

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 135N

BENNY STEWART,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DV-13-404
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Benny Roe Stewart (self-represented); Glendive, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General; Helena, Montana

        Eileen Joyce, Butte-Silver Bow County Attorney; Butte, Montana

Submitted on Briefs:  March 4, 2015
Decided:  May 19, 2015

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Stewart appeals the denial of his petition for postconviction relief by the Second Judicial District Court, Silver Bow County. We affirmed Stewart's conviction for incest, a felony, in *State v. Stewart*, 2012 MT 317, 367 Mont. 503, 291 P.3d 1187. We denied Stewart's writ of habeas corpus in *Stewart v. Green*, No. OP 13-0660, 2013 Mont. LEXIS 520, 2013 WL 6912009 (Mont. Oct. 22, 2013). We denied Stewart's Petition for Writ of Supervisory Control, Mandamus, or Any Appropriate Remedy in *Stewart v. Newman*, 375 Mont. 552, 2014 Mont. LEXIS 375 (2014). Here, we affirm the District Court's denial of Stewart's petition for postconviction relief.

¶3 On December 27, 2013, Stewart filed a petition for postconviction relief and a request for counsel in the District Court. The District Court did not require a response from the State or an evidentiary hearing to determine Stewart's petition, pursuant to § 46-21-201(1)(a), MCA (no response or hearing is required if "the files and records of the case conclusively show that the petitioner is not entitled to relief"). On April 23, 2014, the District Court denied Stewart's petition for postconviction relief and his request for counsel. On May 4, 2014, Stewart filed a notice of appeal and a motion for

2

appointment of counsel with this Court. We denied Stewart's request for counsel in this appeal. Order, Jun. 17, 2014, No. DA 14-0347.

¶4 "We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *State v. Osborne*, 2005 MT 264, ¶ 8, 329 Mont. 95, 124 P.3d 1085.

¶5 Stewart contends that he should have been granted the right to amend his petition for postconviction relief in the District Court, especially given his status as a pro se litigant. Stewart insists that he had many arguments he intended to raise with the assistance of counsel. A postconviction relief petitioner has a right to amend his petition under § 46-21-105(1)(a), MCA; however, the original or amended petition must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts," § 46-21-104(1)(c), MCA. Stewart's claim that the District Court should have informed him of his petition's deficiencies is without merit. "Unlike civil complaints, the postconviction statutes are demanding in their pleading requirements." *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473. Furthermore, courts do not have an obligation to develop a litigant's arguments. *See, e.g.*, *In re Estate of Bayers*, 1999 MT 154, ¶ 19, 295 Mont. 89, 983 P.2d 339 ("[I]t is not this Court's obligation to conduct legal research on appellant's behalf, to guess as to his precise position, or to develop legal analysis that may lend support to his position.").

3

¶6     Stewart asserts that he was "forced" to proceed pro se, and the District Court erred by denying his numerous requests for counsel. However, Stewart does not have a right to appointment of counsel in these proceedings. "[I]ndigent petitioners for postconviction relief do not have a constitutional right to appointed counsel. Instead, the right to appointed counsel in a postconviction proceeding is statutory." *Office of the State Pub. Defender v. Mont. Eighteenth Judicial Dist. Court*, 2011 MT 97, ¶ 3, 360 Mont. 284, 255 P.3d 107 (citation omitted). Under § 46-21-201(2), MCA, "If the death sentence has not been imposed and a hearing is required or if the interests of justice require, the court shall order the office of state public defender . . . to assign counsel for a petitioner who qualifies."

¶7     "[U]nder § 46-21-201, MCA, Montana district courts may not appoint [the Office of the Public Defender] in a postconviction proceeding until after the court has received a response to the petition and determined that a hearing will be held or the interests of justice otherwise require the appointment of counsel." *Office of the State Pub. Defender*, ¶ 9. In this case, Stewart was not given the death sentence, the District Court decided under § 46-21-201(1)(a), MCA, that Stewart's petition conclusively showed he was not entitled to relief, and no response from the State or a hearing was required. Therefore, Stewart was not entitled to appointment of counsel in the District Court. Stewart is also not entitled to counsel on appeal. Order, Jun. 17. 2014, No. DA 14-0347.

¶8     Stewart alleges ineffective assistance by both his trial counsel and his appellate counsel in his underlying criminal conviction for incest. Stewart faults his counsel at trial and on appeal for failing to object to the term "gratifying" as applied to the statute

4

defining incest, § 45-5-507, MCA, and counsel's failure to challenge the definition of "regularly resides" as it applies to our Sexual or Violent Offender Registration Act (SVORA), §§ 46-23-501, et seq., MCA.

¶9 Ineffective assistance of counsel claims present mixed questions of law and fact that we review de novo. *Sartain v. State*, 2012 MT 164, ¶ 9, 365 Mont. 483, 285 P.3d 407. "When evaluating a claim of ineffective assistance of trial counsel, we use the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed 2d 674 (1984)." *Sartain*, ¶ 11. "Under the first prong of the *Strickland* test, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Sartain*, ¶ 11 (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064). Under the second prong, the defendant must show that he was prejudiced by the defense. *Sartain*, ¶ 11. "Because a defendant must prove both prongs, an insufficient showing under one prong eliminates the need to address the other." *Sartain*, ¶ 11. When evaluating claims of ineffective assistance of appellate counsel, we also look to the *Strickland* test. *Sartain*, ¶ 36.

¶10 The statute defining incest, § 45-5-507, MCA, adopts the definition of "sexual intercourse" found in § 45-2-101(68), MCA, which "means penetration . . . by another person to knowingly or purposely . . . arouse or gratify the sexual response or desire of either party." The term "regularly resides" is part of the definition of "residence," as applied to SVORA under § 46-23-502(7)(a), MCA ("'Residence' means the location at which a person regularly resides, regardless of the number of days or nights spent at that

5

location, that can be located by a street address, including a house, apartment building, motel, hotel, or recreational or other vehicle.").

¶11 "Words used in the statutes of Montana are to be construed according to the context in which they are found, and according to their normal usage, unless they have acquired some peculiar or technical meaning." *Baitis v. Dep't of Revenue*, 2004 MT 17, ¶ 25, 319 Mont. 292, 83 P.3d 1278 (citing § 1-2-106, MCA). Our Criminal Code specifically states that "[a]ll its provisions are to be construed according to the fair import of their terms with a view to effect its object and to promote justice." Section 45-1-102(2), MCA.

¶12 The District Court held that the terms "gratify" and "regularly resides" were both self-explanatory, and that counsel's failure at trial and on appeal to object to those terms was not ineffective. We agree. Neither the term "gratify" nor the term "regularly resides" have acquired some particular or technical meaning. The fact that Stewart's trial and appellate counsel did not object to the use of these terms does not constitute ineffective assistance of counsel. Stewart fails to meet the first prong of the *Strickland* test, and his claim for ineffective assistance of counsel must fail.

¶13 Stewart makes a vague claim that the prosecution did not have sufficient evidence to convict him due to a lack of definition for the term "gratify." Stewart argues that without a definition, the prosecution could not prove it as an element of the crime of incest under § 45-5-507, MCA. We find this argument unpersuasive. "We review a jury's verdict to determine whether sufficient evidence exists to support the verdict, not whether the evidence could have supported a different result." *State v. Field*, 2005 MT

181, ¶ 15, 328 Mont. 26, 116 P.3d 813.  A jury convicted Stewart, and sufficient evidence was presented at trial to support the verdict.  *State v. Stewart*, 2012 MT 317, 367 Mont. 503, 291 P.3d 1187 (evidence presented at trial included the victim's testimony, testimony of the victim's brother, photographs found on Stewart's computer, and recorded phone conversations between Stewart and the victim).  Furthermore, Stewart presents no new evidence to challenge his conviction and support his petition pursuant to § 46-21-102(2), MCA.

¶14     Stewart claims that his sentence was illegal because he is a "non-violent" offender. We review de novo whether a district court had statutory authority to impose the sentence, whether the sentence falls within the applicable sentencing parameters, and whether the court adhered to mandates of the applicable sentencing statutes.  *State v. Johnson*, 2011 MT 116, ¶ 12, 360 Mont. 443, 254 P.3d 578.  Stewart is considered a violent offender for sentencing purposes under § 46-18-104(2)(a)(iii)(C), MCA.  Stewart was convicted of incest in violation of § 45-5-507, MCA.  His sentence of 50 years at Montana State Prison with 20 years suspended is well within the statutory parameters for the conviction of incest under § 45-5-507(5), MCA, because his victim was under 12 and he was over 18 when the crime began.  Stewart's sentence is legal.

¶15     Stewart raises a number of other issues for the first time on appeal.  Stewart's challenges to the District Court's jurisdiction, allegations of various procedural errors, and unsupported constitutional claims were not raised in his petition to the District Court. "[W]e will not address issues raised for the first time on appeal," *State v. Reim*, 2014 MT 108, ¶ 28, 374 Mont. 487, 323 P.3d 880, and our Court will not conduct legal research to

support a party's argument, M. R. App. P. 12(1)(f); *State v. Cybulski*, 2009 MT 70, ¶ 13, 349 Mont. 429, 204 P.3d 7. Stewart also raises alternative legal arguments in his reply brief, which we do not consider under M. R. App. P. 12(3) ("The reply brief must be confined to new matter raised in the brief of the appellee."); *Unified Indus., Inc. v. Easley*, 1998 MT 145, ¶ 28, 289 Mont. 255, 961 P.2d 100 (a party may not raise an issue for the first time in a reply brief).

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct.

¶17 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE