FILED

December 1 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0410

DA 14-0541

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 332N

STEVEN T. COLVIN,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DV-14-70
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Steven T. Colvin (self-represented); Sidney, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General; Helena, Montana

          Eileen Joyce, Butte-Silver Bow County Attorney; Butte, Montana

Submitted on Briefs:  October 14, 2015
Decided:  December 1, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Steven Todd Colvin appeals from the Second Judicial District, Silver Bow County, Memorandum and Order, denying his Petition for Postconviction Relief and Request for Counsel. We affirm.

¶3 On December 11, 2009, Colvin was charged by Information with two counts of felony assault on a peace officer, two counts of misdemeanor assault with bodily fluid, one count of misdemeanor assault, and one count of resisting arrest. The charges are related to an altercation involving Colvin, two police officers, and a private security guard on November 10, 2009. Colvin pled not guilty at trial and was convicted by unanimous jury verdict dated June 8, 2011 of the following: assault on a Peace Officer, a felony; assault with bodily fluids, a misdemeanor; assault, a misdemeanor; and resisting arrest, a misdemeanor. On December 4, 2012, this Court affirmed the conviction and the denial of Colvin's post-verdict motion for new trial.

¶4 On February 28, 2014, Colvin, acting as a self-represented litigant, filed a petition for postconviction relief under § 46-21-101, MCA. Colvin claimed ineffective assistance of counsel (IAC) on the following grounds: failure to secure a witness; failure to object to "excited delirium" testimony and offer seizure "postictal condition" theory; failure to

2

object to testimony regarding Colvin's criminal history and past drug use; and failure to object to references to Colvin's related civil case.

¶5 The District Court summarily denied Colvin's IAC claims because he failed to show his counsel's performance was deficient. The District Court also denied Colvin's request for appointed counsel because the right to counsel does not extend to postconviction hearings except in limited cases. Colvin now appeals, claiming the District Court abused its discretion when it denied his IAC claims without a hearing or appointment of counsel.

¶6 We review a district court's denial of a postconviction relief petition to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Sartain v. State*, 2012 MT 164, ¶ 9, 365 Mont. 483, 285 P.3d 407. We review discretionary rulings in postconviction relief proceedings, including a ruling whether to hold an evidentiary hearing, for an abuse of discretion. *State v. Morgan*, 2003 MT 193, ¶ 7, 316 Mont. 509, 74 P.3d 1047. IAC claims are mixed questions of law and fact, which we review de novo. *Weaver v. State*, 2005 MT 158, ¶ 13, 327 Mont. 441, 114 P.3d 1039. A petitioner seeking to reverse a district court order denying postconviction relief based on IAC bears a heavy burden. *Sartain*, ¶ 9 (*citing Morgan*, ¶ 9).

¶7 To determine whether a defendant received IAC, we employ the two-part test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Miner*, 2012 MT 20, ¶ 11, 364 Mont. 1, 271 P.3d 56. Under this test, the defendant must demonstrate that (1) counsel's performance was deficient, and (2) that counsel's deficient performance

3

prejudiced the defendant. *Miner*, ¶ 11. Both prongs of the test must be satisfied to prevail on an IAC claim. *Whitlow v. State*, 2008 MT 140, ¶ 11, 343 Mont. 90, 183 P.3d 861. If one prong of the test is insufficient, we need not address the other. *Strickland*, 466 U.S. at 697; *Whitlow*, ¶ 11 (citation omitted). To evaluate whether counsel's performance was deficient, we determine whether counsel's representation fell below an objective standard of reasonableness, which is based upon prevailing professional norms and the circumstances of the case. *Whitlow*, ¶ 14 (citation omitted).

**Failure to Present Witness Testimony**

¶8      Colvin's first IAC claim is that his trial counsel failed to present the testimony of a particular witness (John Pierce) at trial for the purpose of contradicting Officer Moore's testimony regarding Colvin's mental state and physical actions in the altercation. Pierce was not available at the time of the trial because he suffered a significant brain trauma and was in a coma. In response to Pierce's unavailability, Colvin's counsel filed a motion to continue (which the District Court denied), then at trial, offered Pierce's recorded statements regarding the incident (police statement and Pierce's 911 call). Counsel's efforts on Colvin's behalf resulted in admission of this evidence over the State's hearsay objections. Colvin argues counsel failed to seek admission of two additional statements Pierce made prior to his incapacity, which counsel excluded due to "evidentiary concerns." We have held that, "trial counsel is not ineffective in failing to offer inadmissible evidence or testimony." *State v. Vaughn*, 2007 MT 164, ¶ 36, 338 Mont. 97, 164 P.3d 873 (citation omitted). Finally, after trial, when Pierce regained competence, Colvin's counsel filed a motion for a new trial which was denied.

4

¶9 The circumstances surrounding counsel's actions due to Pierce's absence reflect positive action and planning directed at resolving the testimony problem close to trial. Counsel successfully introduced two different forms of Pierce's testimony and also requested a new trial. Colvin has failed to demonstrate that trial counsel's actions fell below the objective standard of reasonableness. Colvin's claim fails the first prong under *Strickland* because it fails to demonstrate that trial counsel's actions were objectively unreasonable under the circumstances.

**Failure to Make Objections**

¶10 Colvin makes several claims that defense counsel was ineffective because he failed to properly object, including the following: failure to object to law enforcement testimony regarding Colvin's "excited delirium"; failure to object to evidence about Colvin's criminal and drug history; and failure to object to references to Colvin's pending civil action. First, we note that the District Court, in its Judgment, thoroughly evaluated each of Colvin's claims and found that defense counsel's efforts were not deficient. The District Court did not need to weigh prejudice on any of the claims because the claims lacked merit. We find counsel was not deficient as set forth below.

¶11 1. Excited Delirium: The record demonstrates that while counsel may not have objected to the officer's "excited delirium" testimony, counsel thoroughly cross-examined the witnesses offering this testimony. Then, in the defense's case, counsel presented expert opinion evidence to support the postictal-seizure theory while undermining the excited-delirium theory.

¶12 2. Criminal History and Drug Use: The record reflects several strategies used by Colvin's counsel to counter the damaging evidence of Colvin's past criminal history and drug use, which were properly admitted on cross-examination. Counsel countered the excited-delirium theory with the postictal-state theory based on Tramadol induced seizures. Colvin's counsel also argued that the State had no toxicology evidence to support drug use and "excited delirium." Finally, Colvin's counsel attempted to make the best of Colvin's damaging cross-examination by portraying Colvin as a drug addict who "was in the process of trying to change his life."

¶13 3. Civil Trial References: Colvin raises "civil trial" references that were the subject of Colvin's direct appeal to this Court in *State v. Colvin*, 2012 MT 280N. There, we determined the prosecutor's comments did not violate Colvin's right to a fair trial. Here, in this petition, Colvin alleges counsel's performance was deficient because he failed to object to these references. Colvin argues this failure to object adds to the "cumulative effect" damaging Colvin's case and prejudicing his right to a fair trial. We did not find misconduct in Colvin's postconviction appeal and note that trial counsel filed a motion for new trial based on these issues.

¶14 Colvin claims these alleged failures add up to a significant "cumulative effect" prejudicing his right to fair trial. In our view, counsel's conduct in each of the circumstances raised by Colvin was objectively reasonable and well within "the wide range of professionally competent assistance." *Whitlow*, ¶ 16 (*citing Strickland*, 466 U.S. at 690). Colvin's counsel presented a cohesive case with an understandable strategy and we conclude that Colvin received competent representation. Colvin's claims fail to state

6

a recognizable deficiency and the record demonstrates reasonable actions taken by Colvin's counsel. Therefore, the District Court's dismissal of the claims was proper.

**Evidentiary Hearing**

¶15 The District Court denied an evidentiary hearing for Colvin's postconviction petition and found that appointment of counsel was unnecessary. Colvin argues an evidentiary hearing is necessary to determine whether counsel's alleged deficiencies were strategic decisions or plain failures. He argues that the record does not show why his counsel failed to call Pierce as a witness, and also that the record does not explain whether counsel's failures to object were "strategic." The State argues that Colvin cannot show counsel's performance was deficient, thus it was not prejudicial to Colvin, and the outcome of the trial would not be different if counsel performed according to Colvin's arguments. Colvin also argues that he needs appointed counsel to properly pursue his claims, which the State opposes.

¶16 An evidentiary hearing is only required when the allegations, if proven, would entitle the petitioner to relief, and cannot be decided on the basis of the record. *State v. Hanson*, 1999 MT 226, ¶ 22, 296 Mont. 82, 988 P.2d 299; *Griffin v. State*, 2003 MT 267, ¶ 12, 317 Mont. 457, 77 P.3d 545. Further, "[i]t is not error to deny an application for post-conviction relief without an evidentiary hearing if the allegations are without merit . . . ." *Coleman v. State*, 194 Mont. 428, 433, 633 P.2d 624, 627 (1981). Colvin establishes no meritorious allegation in this case. Colvin's assertion regarding Pierce is proved incorrect by the record, which shows Pierce was not called because he was not conscious. Colvin's assertions regarding counsel's failure to object do not stand up

against the record because it shows counsel had a plan or strategy that falls well within professional norms. Colvin failed to meet his burden to show deficiency and prejudice under *Strickland* because his allegations are refuted or resolved by the record. Thus, an evidentiary hearing is not necessary. Because no hearing is necessary, Colvin does not require appointed counsel. We note that appointed counsel in postconviction proceedings is not a constitutional right. *Office of the State Pub. Defender v. Eighteenth Judicial Dist. Court*, 2011 MT 97, ¶ 3, 360 Mont. 284, 255 P.3d 107. Thus, the District Court did not err when it denied an evidentiary hearing for Colvin's postconviction petition nor when it denied Colvin counsel.

**Conclusion**

¶17 Because Colvin's claims lack merit, the District Court did not abuse its discretion when it denied his claims without appointing counsel or holding an evidentiary hearing. The District Court properly denied this petition and its conclusions of law are correct.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion.

¶19 Affirmed.

/S/ MICHAEL E WHEAT

8

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE