FILED

10/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0582



ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0582

_____

BENNY ROE STEWART,

    Petitioner,

v.

JIM SALMONSEN, Warden
Montana State Prison,

    Respondent.

_____

**FILED**

OCT 23 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Benny Roe Stewart has filed a Petition for Writ of Habeas Corpus requesting that this Court vacate his sentencing judgment and grant his immediate release from prison. Stewart puts forth that his sentence is illegal because the Second Judicial District Court, Butte-Silver Bow County, lacked subject matter jurisdiction to proceed to trial, and therefore the jury's verdict is void. He also argues that the District Court's actions were not invoked by proper pleadings, such as "any wiretap warrant" and papers related to the search warrant, which are not part of the court's docket sheet.

This Court is familiar with Stewart's history. In September 2010, a jury in Butte-Silver Bow County convicted Stewart of incest for sexually molesting his daughter from 1989 to 2009. He appealed, arguing his conviction should be reversed and a new trial granted, challenging specifically pretext phone calls initiated at the behest of law enforcement. *State v. Stewart*, 2012 MT 317, ¶ 1, 367 Mont. 503, 291 P.3d 1187 (*Stewart I*). This Court affirmed his conviction and sentence. *Stewart I*, ¶¶ 1, 73. Stewart sought postconviction relief, and he appealed the District Court's denial, and this Court affirmed. *Stewart v. State*, No. DA 14-0347, 2015 MT 135N, 2015 Mont. LEXIS 235 (May 19, 2015) (*Stewart IV*).[1]

_____

[1] *See also Stewart v. Green*, No. OP 13-0660, 2013 Mont. LEXIS 520, Order denying habeas corpus relief (Oct. 22, 2013) (*Stewart II*), and *Stewart v. Judge Newman*, No. OP 14-0224, 2014

Stewart brings his claims too late and through the wrong remedy. He cannot challenge his conviction through a petition for writ of habeas corpus. Section 46-22-101(1), MCA. Moreover, by appealing and raising similar claims or claims that could have been raised previously, he is precluded from now seeking a writ of habeas corpus because he has exhausted the remedy of appeal. Section 46-22-101(2), MCA (emphasis added). Stewart recently challenged the District Court's subject matter jurisdiction in his criminal case by filing a petition for a writ of supervisory control over that court. We denied his request for relief, pointing out that his criminal case has been closed since 2011. *Stewart v. Mont. Second Judicial District Court*, No. OP 24-0528, Order (Mont. Sept. 25, 2024) (*Stewart V*). We conclude that Stewart is not entitled to release, the dismissal of the sentencing judgment, or habeas corpus relief. His sentence is valid. Section 46-22-101(1), MCA.

This Court cautions Stewart regarding his challenges on repeated grounds to his conviction and sentence, imposed more than thirteen years ago. If he persists, the Court will consider imposition of a pre-filing requirement that he obtain leave to file pleadings prior to submission for filing in this Court. Therefore,

IT IS ORDERED that Stewart's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Benny Roe Stewart personally.

DATED this 23rd day of October, 2024.

_____
Chief Justice

_____

Mont. LEXIS 375, Order denying writ of supervisory control, or in the alternative, writ of mandamus (Apr. 29, 2014) (*Stewart III*).

_____

_____

_____

_____
Justices